# IN THE UNITED STATES DISTRICT COURT
# OF THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Jarrieth Patterson, | ) |
|     Plaintiff, | ) CIVIL ACTION NO.<br>) 1:20-CV-00003-MHC-JSA |
| v. | ) |
| | ) **JURY TRIAL** |
| ALDRIDGE PITE HAAN LLP,<br>and DOES 1-10, INCLUSIVE, | ) **DEMAND**<br>) |
|     Defendants. | ) |

## PLAINTIFF'S MOTION LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED . R. CIV. P. 12(b)(6)

COMES NOW, Jarrieth Patterson (hereinafter "Plaintiff"), by and through his counsel and pursuant to F.R.Civ.P. 12(b)(6) moves to Oppose Defendants Motion to Dismiss Plaintiff's Complaint for Transgression of Consumer Law for failure to state a claim. In support of its motion, defendant relies upon the record of the case as well as the memorandum of law filed contemporaneously herewith.

Respectfully submitted,

Dated: January 23, 2020

[EXECUTION FOLLOWS]

/S/ David Prado
By: David A. Prado Esq.
Attorney Bar No. 876286
Attorney for Plaintiff

The Prado Law Firm, LLC.
3056 Greyfield Place
Marietta GA, 30067
Office: 770-597-3269
Dprado@ThePradoLawFirm.com

# IN THE UNITED STATES DISTRICT COURT
# OF THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Jarrieth Patterson, | ) |
| | ) CIVIL ACTION NO. |
| Plaintiff, | ) 1:20-CV-00003-MHC-JSA |
| | ) |
| v. | ) |
| | ) **JURY TRIAL** |
| ALDRIDGE PITE HAAN LLP, | ) |
| and DOES 1-10, INCLUSIVE, | ) **DEMAND** |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED . R. CIV. P. 12(b)(6)

COMES NOW, JARRIETH PATTERSON ("Plaintiff"), Plaintiff in the above-styled action, by and through counsel, and files this Memorandum of Law in opposition to the motion to dismiss the Complaint ("Motion"), filed by ALDRIDGE PITE HAAN LLP and DOES 1-10, (collectively, "Defendants").

**I.    Introduction**

This case centers on the failure of Aldridge Pite Haan, LLP ("APH") and its agents (collectively as "Defendants") to properly provide the

disclosures required by 15 U.S.C. § 1692g in their initial written communications to Plaintiff. Specifically, Defendants violated the Fair Debt Collection Practices Act ("FDCPA") and the Georgia Fair Business Practices Act by failing to provide Plaintiff with the right to dispute the debt and providing Plaintiff with misleading statements, *among other violations*. (*Emphasis added*).

## II. <u>Legal Standard</u>

In considering a motion to dismiss, a court must accept all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Hoffman-Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir. 2002). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff may offer evidence in support of the claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Consequently, the court may not grant a motion to dismiss for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

It is improper to dismiss a complaint for failure to state a claim if the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is plausible on its face when the facts in the complaint allow the court to reasonably infer that the defendant is

liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The Supreme Court's most recent formulation of the pleading specificity standard is that 'stating such a clam requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Watts v. Florida Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556). "This rule does not 'impose a probability requirement at the pleading stage.'" *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309-10 (11th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); see also *F.T.C. v. 1st Guar. Mortg. Corp.*, No. 09-61840-CIV-SEITZ, 2011 U.S. Dist. LEXIS 38606, at *6 (S.D. Fla. Mar. 30, 2011) ("Dismissal is only appropriate where the plaintiff's factual allegations do not 'raise a right to relief above a speculative level.'"). Instead, the "standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell,* 520 F.3d at 1309-10 (citations omitted). The complaint is sufficient if it identifies "facts that are suggestive enough to render the element plausible." *Wafts*, 495 F.3d at 1296 (quoting *Twombly*, 550 U.S. at 556).

Finally, under Rule 12, the burden rests squarely with the movant to demonstrate that no claim has been stated in the complaint upon which relief can be granted. *Larsen v. AirTran Airways, Inc.*, No. 8:07-cv-442-T-17TBM, 2007 U.S. Dist. LEXIS 58601, 2007 WL 2320592, at *3 (M.D. Fla. Aug. 10, 2007.

## III. Argument

Plaintiff pleaded more than sufficient facts to state a claim for relief which allows the court to reasonably infer that (1) Defendants have violated provisions of the FDCPA; (2) Plaintiff has standing to bring his Complaint; and (3) this Court has subject matter jurisdiction over this case. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. Therefore, Defendants Motion to Dismiss should be denied.

### A. Plaintiff Sufficiently Pleaded Facts to Support All Alleged Claims for Relief

In order to succeed in an FDCPA violation claim, a plaintiff must initially plead facts which support the following elements: (1) plaintiff was the object of a collection activity arising from a consumer debt; (2) the defendant must be a debt collector as defined by the FDCPA; and (3) the defendant must have engaged in an act or omission prohibited by the FDCPA. *McCorriston v. L.W.T., Inc.*, 536 F. Supp. 2d 1268, 1273 (M.D.Fla. 2008).

#### i. Plaintiff provided sufficient factual allegations to properly state a claim for relief against Defendants for violations of the FDCPA

Plaintiff here clearly states the applicable facts to all counts under the Complaint sections "The Debt," "Aldrige Pite Haan, LLP Engages in Harassment and Abusive Tactics," and "Plaintiff Suffered Actual Damages." Defendant accuses Plaintiff of failing "to do more than offer minimum factual allegations" in support of his claims. Plaintiff's factual allegations span four pages of his Complaint, and include the following:

- Plaintiff allegedly incurred a debt which was "primarily for family, personal or household purposes," making in a "debt" pursuant to the FDCPA;

- The alleged debt was "purchased, assigned or transferred to [Defendants] for collection, or [Defendant] was employed by the creditor to collect the debt," therefore Defendants are debt collectors pursuant to the FDCPA;

- Letter received Defendant is a debt collector and lawsuit would be initiated against Plaintiff;

- Mr. Morris, Defendants' agent, advising Plaintiff that Plaintiff has already been sued; (Compl. Aff. Paterson.)

- Mr. Morris stating that Plaintiff would be served soon, but that a lawsuit could continue without service; and(Compl. Aff. Paterson.)

- Plaintiff, to date, has never received service of a lawsuit. (Compl. Aff. Paterson.)

As outlined above, Plaintiff sets forth factual allegations, which are "more than a mere recitation of the elements of the alleged causes of action." Specifically, Plaintiff factual allegations speak to Defendants' violations of various sections of the FDCPA by using harassing and abusive techniques (i.e., stating a lawsuit was initiated when there was not one), providing false

and misleading statements as to the legal status of the debt, threatened to take action Defendants were not legally authorized to take (i.e., serving Plaintiff with a lawsuit that did not exist), falsely representing that a lawsuit was initiated without providing proof of the same, and unfairly and unconscionably attempting to settle a debt by making the above-mentioned false statements. Additionally, all of the included factual allegations speak to the unfair and deceptive practices that Defendants engaged in (i.e., advising of a lawsuit when there is not one), which is in violation of OCGA § 10-1-393(a).

Defendants claim that Plaintiff's Counts do "no more than claim a violation of the specific sections of the FDCPA with a recitation of portions of the statutes." Plaintiff did not re-iterate the allegations throughout the various claims in the Complaint, but they were incorporated by reference under both Counts I and II. Importantly, Defendants completely ignore the factual allegations section of the Complaint, and further provide no authority which supports the contention that the allegations must be specifically re-iterated in the various counts.

Plaintiff set forth specific facts which speak to the elements necessary in an FDCPA violation claim: (1) Plaintiff was the object of collection activity by Defendants arising from a consumer debt; (2) Defendants are debt collectors; and (3) Plaintiffs provide allegations which speak to various

8

violations of the FDCPA. Therefore, Plaintiff complied with the pleading standard set forth in *Twombly*, *Iqbal*, and their progeny, and Defendants' Motion to Dismiss should be denied.

### B. Plaintiff Suffered a Concrete Harm That Sustains the Standing Requirement

Article III requires standing to sue in federal court, which includes the requirement that the plaintiff suffered an injury-in-fact that is concrete and particularized. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). As Defendants assert, *Spokeo* affirmed the long-held contention that a plaintiff must have an injury-in-fact in order to have standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016). *Spokeo*, however, did not set a bright-line rule regarding injury-in-fact; the Court stated that tangible injuries may be easier to recognize, but that "intangible injuries can nevertheless" suffice. *Spokeo*, 136 S. Ct. at 1549.

Further, the Court stated that "both history and the judgment of Congress are instructive" in determining if an intangible harm constitutes injury-in-fact. *Spokeo*, 136 S. Ct. at 1549. The Court further explained that "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact." *Id.* In other words, a plaintiff in such a case need not allege any additional harm beyond the one Congress has identified. *Id.* (citing *Federal Election Comm'n v. Akins*, 524 U.S. 11 (1998)).

At the pleading stage, as is here, Plaintiff must "clearly…allege facts demonstrating" he suffered an injury-in-fact. *Id.* at 1547 (citing *Warth v. Seldin*, 422 U.S. 490, 518 (1975)). Analyzing Plaintiff's allegations under *Spokeo* yields an injury-in-fact, as required to have standing in federal court. Therefore, Defendants Motion should be denied.

### i. Plaintiff suffered intangible, injuries which satisfy the injury-in-fact requirement of standing.

As alleged in the Complaint, Plaintiff received a letter and information through a phone conversation stating that he was being sued for an alleged debt. (Compl. Aff. Patterson). This information caused Plaintiff various harms including, but not limited to, anxiety, emotional distress, fear, embarrassment, and mental anguish. (Compl. Para, 10, 11, 43) These harms are intangible and may be more difficult to discern. *Spokeo* held that in certain circumstances, "the violation of a procedural right granted by statute can be sufficient…to constitute injury in fact…. [A] plaintiff in such a case need not allege any *additional* harm beyond the one Congress has identified." *Id.* The Court has previously recognized that the "actual or threatened injury required by Art. III may exist solely by virtue of 'statutes creating legal rights, the invasion of which creates standing…." *Warth*, 422 U.S. at 500 (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 617, n. 3 (1973)).

Justice Thomas's concurrence in *Spokeo* provides guidance regarding these types of intangible harms and refers to the *Havens Realty* case as instructive. In the *Havens Realty* case the Supreme Court unanimously ruled that the violation of the plaintiff's statutory right not to be lied to about available housing was an injury-in-fact. *Havens Realty Corp.*, 455 U.S. 363 (1982). Therefore, a plaintiff seeking to vindicate a statutorily created private right need not allege actual harm beyond the invasion of that private right. *Havens Realty Corp.*, 455 U.S. at 373-374.

Additionally, the Eleventh Circuit has specifically addressed the Article III standing of a debtor whose FDCPA rights were violated. In *Church*, a collection agency mailed a collection letter to the plaintiff and failed to include the statutorily required disclosures. *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543 (11th Cir. July 6, 2016). The Court held that the plaintiff had established Article III standing because the plaintiff's injury-in fact was not receiving the required disclosures. *Id.* at *2-3. The Court explained that Church's injuries were not hypothetical or uncertain. *Id.* The Court ultimately held that Church's harms were injuries-in-fact, despite not being concrete, under *Spokeo*. See *Id.*

Both the *Church* and *Havens Realty* cases are similar to the case at hand. All three cases have intangible injuries that flow directly from the violation of the statutes. Defendants here, in violation of the FDCPA, used

harassing and abusive techniques, provided false and misleading statements, threatened to take legal action that is not available, falsely representing the legal status of the alleged debt, and unfairly and unconscionably attempted to settle a debt by making the aforementioned false statements. Plaintiff suffered harms that are protected by the FDCPA, which the Courts have held are injuries-in-fact for purposes of Article III standing. Therefore, Plaintiff has standing and Defendant's Motion should be denied.

**IV. In the Alternative, Plaintiff is Requesting Leave to Amend the Complaint to Satisfy the Pleading Requirements**

"It is a rule in this circuit that 'when a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice'" *Brown v. General Personnel Consultants, Inc.,* 2000 U.S. Dist. LEXIS 8496 at *2 (M.D.Fl. Apr. 6, 2000) (quoting *Bank v. Pitt,* 928 F.2d 1108, 1111 (11th Cir. 1991)). The Court must grant leave to amend a complaint "freely" and "when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In addition, Federal Rule of Civil Procedure 15(a) requires that when leave is sought to file an amended complaint it should be "freely given." *Id.*; See also *Halliburton & Associates Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 443 (11th Cir. 1985)(finding "that leave shall be granted unless there is a substantial reason to deny it"). Therefore, if the Court is

inclined to agree with Defendants that the pleadings are insufficient, Plaintiff is requesting leave to amend the Complaint, and should be granted the same, in order to comply with the pleading standards.

V.     **Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion to Dismiss in its entirety. However, should this Court find that Plaintiff has failed to allege facts sufficient to sustain his FDCPA Complaint, he respectfully requests that this Court grant him leave to amend the Complaint to fully satisfy FDCPA pleading requirements.

Dated: 02/23/2020

Respectfully submitted,

/S/ David Prado_____
By: David A. Prado Esq.
Attorney Bar No. 876286

The Prado Law Firm, LLC.
3056 Greyfield Place
Marietta GA, 30067
Office: 770-597-3269
Dprado@ThePradoLawFirm.com

IN THE UNITED STATES DISTRICT COURT
OF THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| Jarrieth Patterson, | ) | |
|---|---|---|
| | ) | CIVIL ACTION NO. |
| Plaintiff, | ) | 1:20-CV-00003-MHC-JSA |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL** |
| ALDRIDGE PITE HAAN LLP, | ) | |
| and DOES 1-10, INCLUSIVE, | ) | **DEMAND** |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via ECF, affording all litigating parties notice. In addition, this motion has also been sent via USPS to:

Gray, Rust, St. Amand, Moffett & Brieske, L.L.P.
1700 Salesforce Tower Atlanta
950 East Paces Ferry Road
Atlanta, Georgia 30326

Dated: 02/22/2020

Respectfully submitted,

/S/ David Prado_____
By: David A. Prado Esq.
Attorney Bar No. 876286
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
OF THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Jarrieth Patterson, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ALDRIDGE PITE HAAN LLP, )<br>and DOES 1-10, INCLUSIVE, )<br>)<br>)<br>    Defendants. )<br>_____) | CIVIL ACTION NO.<br>1:20-CV-00003-MHC-JSA<br><br><br>**JURY TRIAL**<br><br>**DEMAND** |

## LR 7.1(D) CERTIFICATE OF FONT COMPLIANCE

I hereby certify that the foregoing has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C), Northern District of Georgia, specifically Times New Roman 14 point.

Respectfully submitted,

                                            /S/ David Prado_____
                                            By: David A. Prado Esq.
                                            Attorney Bar No. 876286
                                            Attorney for Plaintiff