IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JARRIETH PATTERSON, | : | CIVIL ACTION NO. |
| | : | 1:20-CV-0003-MHC-JSA |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ALDRIDGE PITE HAAN LLP and | : | |
| DOES 1–10, INCLUSIVE, | : | **ORDER AND FINAL REPORT** |
| | : | **AND RECOMMENDATION ON A** |
| Defendants. | : | **MOTION TO DISMISS** |

Plaintiff Jarrieth Patterson filed this action in the State Court of DeKalb County on November 27, 2019. Plaintiff alleges in the Complaint, *inter alia*, that Defendant Aldridge Pite Haan LLP ("APH") used false and deceptive means to collect a debt in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, and the Georgia Fair Business Practices Act ("GFBPA"), O.C.G.A. §§ 10-1-390, *et seq.* APH removed this action to this Court on January 2, 2020. The action is now before the Court on APH's Motion to Dismiss [2]. For the reasons set forth below, the Court **RECOMMENDS** that Defendant's Motion to Dismiss [2] be **GRANTED** and that Plaintiff's claims be **DISMISSED**. Plaintiff is **ORDERED** to file a Certificate of Interested Persons or otherwise **SHOW CAUSE** in writing as to why this action should not be dismissed for want of prosecution within **fourteen (14) days** of the date of this Report and Recommendation.

**I. BACKGROUND**

The following allegations, assumed to be true for purposes of this motion, are taken from Plaintiff's Complaint [1], its attached documents, and documents attached to Defendant's Reply [4].[1] Plaintiff incurred a debt "to an original creditor" which was later "purchased [by], assigned or transferred to" APH for collection.[2] Compl. [1-1] at ¶¶ A-2, A-4. Alternatively, Plaintiff alleges that APH was employed by the original creditor "to collect the debt." *Id.* at ¶ A-4. On or about April 16, 2019, Plaintiff received a collection letter from APH informing him that "there may be a lawsuit" filed against him regarding his unpaid balance. *Id.* at ¶ B-1; Exh. 1 [1-1] at 13. On May 23, 2019, APH filed a lawsuit for the debt on behalf of Plaintiff's original creditor, Capital One Bank (USA), N.A., against Plaintiff in the Magistrate Court of DeKalb County. Exh. A [4-1] at 2. Plaintiff called APH on or about July 31, 2019 in response to the April 16 letter; during the call, he was informed by a representative of APH that a lawsuit had already been filed against him seeking

---

[1] The Court may generally consider public records on a motion to dismiss without converting it into a motion for summary judgment. *See Halmos v. Bomardier Aerospace Corp.*, 404 F. App'x 376, 377 (11th Cir. 2010) ("[A] district court may take judicial notice of matters of public record without converting a Rule 12(b) motion into a Rule 56 motion."); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999). Plaintiff does not challenge the authenticity of the attached documents and does not object to the Court's consideration of the documents. Accordingly, the Court finds it appropriate to consider these materials.

[2] Plaintiff appears to mistakenly state in the Complaint that the debt was transferred to an entity known as "CRM Collection."

$2,064, the amount of the debt. Aff. [1-1] at ¶¶ 1–4. Plaintiff disputed the existence of any such lawsuit, stating that had never received notice. Compl. [1-1] at ¶¶ B-1–B-6. APH's representative stated that if he had not already received notice, someone would be "serving papers" to him and that, in any case, that Plaintiff did not "need to be served for [the] lawsuit to continue." *Id.* at ¶ B-7. Upon inquiry from Plaintiff, APH's representative stated that the lawsuit could be settled with a payment of $1,653. *Id.* at ¶ B-8.

Plaintiff claims that he has not been served any process and that he has been unable to independently confirm the existence of any such lawsuit against him. Exh. 1 [1-1] at 13–14. Plaintiff alleges that APH thus "[f]alsely represented or implied that documents are in legal process," which he contends is an unfair, deceptive, and unconscionable means of collecting a debt. Compl. [1-1] at ¶¶ B-37–B-38.

## II. DISCUSSION

### A. *Standard on a Motion to Dismiss*

APH has moved to dismiss Plaintiff's claims against it under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for relief. *See* Fed. R. Civ. P. 12(b)(6). Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When evaluating a motion to dismiss under Rule 12(b)(6), the Court cannot consider matters outside of the pleadings and must accept the allegations of the non-movant's pleadings as true, but "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Moreover, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted).

*Iqbal* went on to instruct that, while a court must accept all factual allegations in a complaint as true, it need not accept as true legal conclusions recited in a complaint. Repeating that "only a complaint that states a plausible claim for relief survives a motion to dismiss" the Supreme Court advised that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (other citations omitted).

B. *Plaintiff's Claims*

APH argues that Plaintiff fails to state a claim under the FDCPA and the GFBPA.[3] Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692e. *See also Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1363 (N.D. Ga. 2011) ("The FDCPA seeks to remedy abusive, deceptive, and unfair debt collection practices by debt collectors against consumers."). Under the FDCPA, a debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," nor may they "use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §§ 1692e–1692f. Among other conduct that is specifically prohibited under this section, a debt collector cannot communicate any "threat to take any action that cannot legally be taken or that is not intended to be taken." *Id.* at § 1692e(5). Likewise, the GFBPA broadly prohibits

---

[3] APH also argues that Plaintiff lacks standing to sue because of he lacks a cognizable injury-in-fact. But Plaintiff alleges more than a bare, procedural violation of his rights. Plaintiff alleges that he was falsely told that he had been sued. His allegations, if true, are a straightforward violation of his rights under Sections 1692e and 1692f of the FDCPA, which "[a]n overwhelming majority of courts have determined . . . provide substantive rights to consumers that necessarily protect their Congressionally recognized, concrete interests in being free from abusive debt collection practices, and that violations of [which] give rise to concrete injuries sufficient to confer Article III standing." *Gause v. Med. Bus. Consultants, Inc.*, No. 8:18-CV-1726-EAK-AAS, 2019 WL 6716635, at *13 (M.D. Fla. Dec. 12, 2019) (collecting authorities). The Court thus enjoys jurisdiction over Plaintiff's claims. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998).

"[u]nfair or deceptive acts or practices in the conduct of consumer transactions." O.C.G.A. § 10-1-393. Plaintiff brings claims under Sections 1692e and 1692f of the FDCPA and the substantially identical Section 10-1-393 of the GFBPA.

"To prevail on a[n] FDCPA claim, a plaintiff must establish that: (1) [he or she] has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a debt collector under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." *Frazier*, 767 F. Supp. 2d at 1363 (internal quotation marks and citations omitted). A plaintiff alleging a violation of the GFBPA must show: "(1) a violation of the Act, (2) causation, and (3) injury." *Jenkins v. BAC Home Loan Servicing, LP*, 822 F. Supp. 2d 1369, 1375 (M.D. Ga. 2011) (citing *Zeeman v. Black*, 273 S.E.2d 910, 916 (Ga. Ct. App. 1980)). APH does not dispute that it is a debt collector that has subjected Plaintiff to collection activity. APH argues, rather, that it has shown that its representation to Plaintiff that he had been sued was not false, deceptive, or misleading and thus that it did not violate either the FDCPA or the GFBPA.

Plaintiff's lone allegation of an unfair or deceptive act is that APH allegedly falsely told him on July 31, 2019 that he had been sued over a debt of $2,064. But APH has provided the Court with a complaint it filed in the Magistrate Court of DeKalb County against Plaintiff over a debt of $2,064 on May 24, 2019. *See* Exh. A

[4-1]. Plaintiff has not responded to APH's evidence, despite the Court's *sua sponte* invitation for him to do so. *See* Order [7]. APH's July 31, 2019 representation to Plaintiff that he had been sued over the debt is thus demonstrably true. In the absence of any false statement regarding its lawsuit over the debt or any other allegation of an unfair or deceptive act by APH, Plaintiff cannot argue that APH violated any right of his to be free from unfair or deceptive debt collection practices under the FDCPA or GFBPA.

    C.    *Plaintiff's Certificate of Interested Persons*

Finally, the Court notes Plaintiff's continued failure to file a Certificate of Interested Persons, a document each private party is required to file under the Local Rules. *See* LR 3.3, NDGa. The Court has twice specifically ordered the parties to file this document, most recently in a March 30, 2020 Order requiring the parties to do so within seven days. *See* Order [9]. APH complied with this Order and filed its Certificate of Interested Persons the next day. *See* CIP [10]. As of the date of this Report and Recommendation, however, Plaintiff has not done so. Plaintiff is warned that his failure to obey orders of the Court are grounds for sanctions, including dismissal for want of prosecution. *See* LR 41.3(A)(2), NDGa. Accordingly, Plaintiff is again **ORDERED** to file a Certificate of Interested Persons or otherwise **SHOW CAUSE** in writing as to why this action should not be dismissed for want of

prosecution within **fourteen (14) days** of the date of this Report and Recommendation.

### III. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that APH's Motion to Dismiss [2] be **GRANTED** and that Plaintiff's claims be **DISMISSED**. Plaintiff is **ORDERED** to file a Certificate of Interested Persons or otherwise **SHOW CAUSE** in writing as to why this action should not be dismissed for want of prosecution within **fourteen (14) days** of the date of this Report and Recommendation.

As this is a Final Report and Recommendation, there is nothing further pending in this action before the undersigned. The Clerk is **DIRECTED** to terminate the reference to the undersigned.

**IT IS SO ORDERED AND RECOMMENDED** this 7th day of April, 2020.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE